IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CA No. 5:23-CV-00683-FL

| | |
|---|---|
| LEO J. EDWARDS, on behalf of himself and all others similarly situated, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) ) |
| CITY OF RALEIGH, | ) ) |
| *Defendant*. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S EXHIBITS FILED IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................................1

II. FACTUAL BACKGROUND..................................................................................................1

III. LEGAL ARGUMENT............................................................................................................2

    A. Exhibits Filed in Support of Defendant's Response in Opposition to Plaintiff's Motion for Conditional Certification Should Be Stricken As Their Consideration Would Be Highly Prejudicial to Named Plaintiff. ...................2

        1. Consideration of Such Exhibits Would be Highly Prejudicial to Plaintiff, in Violation of the Federal Rules of Evidence..............................4

        2. Consideration of Defendant's Exhibits Violates This Court's Order Staying Discovery, Applying an Intermediate Standard (Despite the Pending Stay ), Which Has Been Largely Rejected in the Fourth Circuit. Thus, the Court Should Discard Defendant's Evidence. ................5

    B. Defendant Improperly Relies on Such Exhibits, In Addition *to Several More* Improperly Filed Exhibits, in its Motion to Dismiss. ...............................................8

        1. Defendant Has Failed to Showcase Some Exhibits May Be Judicially Noticed. ......................................................................................10

IV. CONCLUSION......................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Ga. Gulf Lake Charles, LLC,*
  2:07–CV1378 LEAD, 2008 WL 919716 (W.D.La. Ap r. 4, 2008) ............................................ 3

*Blaney v. Charlotte–Mecklenburg Hosp. Auth.,*
  3:10–CV–592–FDW–DSC, 2011 WL 4351631 (W.D.N.C. Sept. 16, 2011) ............................. 5

*Clatterbuck v. City of Charlottesville,*
  708 F.3d 549 (4th Cir. 2013) ..................................................................................... 10, 11

*Gasner v. Cty. of Dinwiddie*,
  162 F.R.D. 280 (E.D. Va. 1995) ....................................................................................... 9

*Global Network Commc'ns, Inc. v. City of New York,*
  458 F.3d 150 (2d Cir.2006) ............................................................................................ 11

*Halle v. W. Penn Allegheny Health Sys. Inc.,*
  842 F.3d 215 (3d Cir. 2016) ............................................................................................. 7

*In re Cree, Inc. Sec. Litig.,*
  333 F. Supp. 2d 461 (M.D.N.C. 2004) ........................................................................... 8, 9

*Kramer v. Time Warner, Inc.,*
  937 F.2d 767 (2d Cir.1991) ............................................................................................ 11

*Loftus v. F.D.I.C.*,
  989 F.Supp.2d 483 (D.S.C. 2013) .................................................................................. 10

*Long v. CPI Security Systems, Incorporated*, *Long v. CPI Sec. Systs., Inc.*,
  292 F.R.D. 296 (W.D.N.C. 2013). ............................................................................. passim

*McLaughlin v. Copeland,*
  435 F.Supp. 513 (D.Md.1977) ......................................................................................... 3

*Morris v. Precoat Metals*,
  No. 2:11-CV-0053-SLB, 2013 WL 830868 (N.D. Ala. Mar. 4, 2013) ....................................... 4

*Phillips v. LCI Int'l, Inc.,*
  190 F.3d 609 (4th Cir.1999) ............................................................................................ 9

*Pouncey v. Guilford Cnty.,*
  No. 1:18CV1022, 2020 WL 1274264 (M.D.N.C. Mar. 17, 2020) ..................................... 8, 10

*Sec'y of State for Def. v. Trimble Navig. Ltd.,*
  484 F.3d 700 (4th Cir. 2007) ........................................................................................... 8

*Sher v. Luxury Mortg. Corp.*,
  No. ELH–11–3656, 2012 WL 5869303 (D.Md. Nov. 19, 2012) .............................................. 11

*Staley v. UMAR Servs., Inc.*,
  630 F. Supp. 3d 707 (M.D.N.C. 2022). ................................................................................. 5, 6

*Stewart v. Johnson,*
  125 F. Supp. 3d 554 (M.D.N.C. 2015). ..................................................................................... 9

*Tatum v. R.J. Reynolds Tobacco Co.,*
  294 F.Supp.2d 776 (M.D.N.C.2003) ......................................................................................... 9

*United States v. Ancient Coin Collectors Guild*,
  899 F.3d 295 (4th Cir. 2018) ..................................................................................................... 3

*Veteran Constructors, Inc. v. Beeler Barney & Assocs. Masonry Contractors, Inc.,*
  No. 2:13-CV-64-F, 2014 WL 4199238 (E.D.N.C. Aug. 22, 2014) ......................................... 11

*Webb v. Butler,*
  No. 5:18-CT-3127-FL, 2021 WL 10364882 (E.D.N.C. Sept. 14, 2021), *aff'd*, No. 21-
  7441, 2023 WL 2597604 (4th Cir. Mar. 22, 2023) .................................................................... 4

*Witthohn v. Fed. Ins. Co.*,
  164 F. App'x 395 (4th Cir. 2006) .............................................................................................. 9

**Statutes**

29 U.S.C. § 201 *et seq*. ..................................................................................................................... 1

29 U.S.C. 216 .................................................................................................................................... 2

**Other Authorities**

5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal
  Practice and Procedure* § 1383 (3d ed.2012) ........................................................................... 4

**Rules**

Fed. R. Civ. P. 12 .............................................................................................................................. 8

Fed. R. Evid. 403 ......................................................................................................................... 5, 10

**Regulations**

29 C.F.R. § 516.2 .............................................................................................................................. 4

## I. INTRODUCTION

Plaintiff respectfully requests this Court strike Defendant's improperly filed *forty-three (43)* exhibits in support of its Response in Opposition to Plaintiff's Motion for Conditional Certification (Dkt. 22-1 through Dkt. 22-43), in addition to the six (6) exhibits filed in conjunction with Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (Dkts. 24-1 through 24-6). In filing such exhibits, Defendant runs afoul of the Court Ordered stay of discovery (Dkt. 21), granted after Defendant's *own* Motion to Stay Scheduling Order and Time to Submit Discovery Plan (Dkt. 20), where Defendant moved the Court "to stay discovery until after adjudication of Plaintiff's pending motion to conditionally certify a collective action and for a court-authorized notice to be issued under section 216(b) of the Fair Labor Standards Act." *Id*. at 1. Moreover, the consideration of these exhibits would be highly prejudicial to Plaintiff given Plaintiff does not have the opportunity to perform discovery in response to Defendant's exhibits, and given such evidence is in *Defendant's* custody and control and the consideration of such could have lasting consequences in this litigation.

## II. FACTUAL BACKGROUND

Plaintiff filed his initial Complaint on November 29, 2023, against Defendant City of Raleigh ("Defendant" or "City of Raleigh") for violations of the Fair Labor Standards Act. Dkt. 1 (citing 29 U.S.C. § 201 *et seq*.). Defendant filed its Answer to Plaintiff's initial Complaint on March 6, 2024. Dkt. 10. The Court entered an Initial Order Regarding Planning and Scheduling on March 8, 2024. Dkt. 15. On March 27, 2024, the parties held a Rule 26(f) conference, where Plaintiff's counsel informed Defendant's counsel that Plaintiff would be filing an Amended Complaint. That same day, Plaintiff filed his First Amended Complaint ("FAC"). Dkt. 16. March 28, 2024, Plaintiff filed his Motion for Conditional Certification ("Plaintiff's MCC"), requesting certification and for court-authorized notice to be issued pursuant to section 216(b) of the Fair

1

Labor Standards Act. Dkts. 17-18. On April 5, 2024, Defendant filed a motion for an extension of time to file its Answer to Plaintiff's FAC, which Plaintiff did not oppose. Dkt. 19.

Soon thereafter on April 5, 2024, Defendant's counsel reached out to Plaintiff's counsel to see if Plaintiff would be amenable to a motion to stay discovery pending the Court's determination on conditional certification.[1] Defendant never disclosed any caveats or exceptions to such proposed motion to stay. *See id.* Plaintiff agreed that such motion made sense, and indicated he had no objection. *Id*. Defendant subsequently filed such Motion on April 8, 2024. Dkt. 20. The very next day, this Court granted Defendant's Motion to Stay. Dkt. 21. Despite such Order, and the Parties' agreement that discovery should be placed on hold until the Court determines whether conditional certification is appropriate, Defendant flagrantly violated the Court's Order (which it specifically requested)[2] responded to Plaintiff's Motion for Conditional Certification with forty-three (43) exhibits, inclusive of Defendant's Standard Operating Procedures ("SOP"), Department Operating Instructions ("DOI"), declarations from various individuals of upper management, and various other evidence that indisputably belongs in the discovery period. *See* Dkt. 22-1 through Dkt. 22-43; *see also* Dkts. 24-1 through 24-6.

### III. LEGAL ARGUMENT

#### A. Exhibits Filed in Support of Defendant's Response in Opposition to Plaintiff's Motion for Conditional Certification Should Be Stricken As Their Consideration Would Be Highly Prejudicial to Named Plaintiff.

---

[1] *See* Ex. A, the Parties' Communications Relating to Defendant's Request to Defer Discovery.
[2] Defendant's actions demonstrate bad faith in that it sought to produce all such documents and declarations and leave Plaintiff with no ability to depose the declarants and/or the 30(b)(6) organization's designee to address all such declarations and/or understand the nature of such production of documents. That said, Plaintiff simply seeks to have the Court enforce the Court Order and review Plaintiff's motion for conditional consistent with the lenient standard which is recognized in the Fourth Circuit. *Long*, 292 F.R.D. at 301.

Courts have broad discretion when considering a motion to strike. *See United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 324 (4th Cir. 2018) (applying abuse-of-discretion standard to review of ruling on a motion to strike). Many courts allow motions to strike evidence outside of pleadings, noting that such evidence may be "challenged by motions to strike because the Federal Rules provide no other means to contest [its] sufficiency." *Anderson v. Ga. Gulf Lake Charles, LLC,* 2:07–CV1378 LEAD, 2008 WL 919716, *1 (W.D.La. Ap r. 4, 2008) (citing *McLaughlin v. Copeland,* 435 F.Supp. 513 (D.Md.1977) (citations omitted)). Indeed, courts have the "inherent power to control the disposition of the causes on its docket. *Id*. (citations omitted).

Here, Defendant improperly filed forty-three (43) exhibits in support of its Response in Opposition to Plaintiff's Motion for Conditional Certification ("Response") (Dkt. 22) contrary to Defendant's own Motion to Stay Discovery ("Motion to Stay"), which was subsequently granted by this Court. Dkts. 20, 21. Indeed, in Defendant's Motion to Stay, City of Raleigh indicated:

> At the current stage of the litigation with Plaintiff's motion to conditionally certify a collective action pending, proceeding with discovery would be premature because the scope of the allegations is unknown at this time. Given the potential for collective action-related discovery to become irrelevant if the motion for conditional certification is denied, a stay of discovery would serve the interests of judicial economy and justice.

Dkt. 20, at 2. In that same Motion, Defendant requested that discovery be stayed "until after adjudication of Plaintiff's pending motion to conditionally certify a collective action and for a court-authorized notice to be issued under section 216(b) of the Fair Labor Standards Act." *See id.* at 1. Defendants argued such a stay was necessary because it was possible Plaintiff's MCC would not be granted, which would allegedly eliminate the need for such discovery. *See id.* at 2. Moreover, Defendant's Motion was granted by this Court, which Ordered: ". . . that all discovery

3

in this civil action is STAYED until such time as the court resolves Plaintiff's motion to conditionally certify a collective action [D.E. 17.]." Dkt. 21.

Despite such Order, Defendant filed forty-three (43) exhibits in its Response, that Plaintiff did not have access to, and could not have access to, prior to filing Plaintiff's MCC. Dkts. 17, 18, 22. Confusingly, in that same Motion, Defendant indicated that it would be unfair for Plaintiff's MCC to be granted **_before_** Defendant has a chance to review Plaintiff's evidence. Dkt. 22, at 12. The same could be said of Plaintiff, who did not have access to Defendant's exhibits at the time of Plaintiff's MCC, in light of Defendant's Motion to Stay, and who is unable to perform adequate discovery in response to Defendant's exhibits. However, in light of the lenient standard relating to the determination in determining whether to grant Plaintiff's motion for conditional certification and Defendant's motion to stay discovery, the Court should simply ignore Defendant's evidence in determining the same. Dkts 17, 18, 20, 21.

1. Consideration of Such Exhibits Would be Highly Prejudicial to Plaintiff, in Violation of the Federal Rules of Evidence.

Motions to strike evidence may sometimes be treated like motions in limine. *See, e.g., Webb v. Butler,* No. 5:18-CT-3127-FL, 2021 WL 10364882, at *4 (E.D.N.C. Sept. 14, 2021), *aff'd,* No. 21-7441, 2023 WL 2597604 (4th Cir. Mar. 22, 2023); *Morris v. Precoat Metals*, No. 2:11-CV-0053-SLB, 2013 WL 830868, at *2 (N.D. Ala. Mar. 4, 2013) (citations omitted). As such, evidence may be stricken which violates the Federal Rules of Evidence. *Morris*, 2013 WL 830868, at *2; 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, *Federal Practice and Procedure* § 1383 (3d ed.2012) (inadmissible evidence may be stricken). Additionally, the court may strike any evidence at the pleading stage that is particularly prejudicial to plaintiff, especially where defendant holds such evidence. *See id.*; *see also* 29 C.F.R. § 516.2, *et seq.* (providing FLSA record-keeping requirements). Federal Rule of Evidence 403

indicates "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice[. . .]."

In light of the Parties' *current* position, where discovery is stayed and has not yet begun, it would be unfair for the Court to consider nearly fifty (50) exhibits of Defendant's alleged policies and practices, without affording Plaintiff the ability to undergo discovery on such issues, and to adequately respond to Defendant's evidence. *See id.*; *see also* Dkt. 21. In this context especially, given Defendant's exhibits are subject to Defendant's control, consideration of such exhibits at this stage would be highly prejudicial to Plaintiff, in violation of Federal Rule of Evidence 403.

2. <u>Consideration of Defendant's Exhibits Violates This Court's Order Staying Discovery, Applying an Intermediate Standard (Despite the Pending Stay ), Which Has Been Largely Rejected in the Fourth Circuit. Thus, the Court Should Discard Defendant's Evidence.</u>

In *Long v. CPI Security Systems, Incorporated*, a defendant moved for time to take discovery before responding to plaintiff's motion for conditional certification. 292 F.R.D. 296, 301 (W.D.N.C. 2013). After defendant was provided with such discovery, the defendant responded to plaintiff's motion for conditional certification, and argued for a heightened standard to apply. *See id*. Although rejected by a majority of courts in the Fourth Circuit, some courts apply an "intermediate" standard of review at the first stage of conditional certification, where the parties have engaged in some discovery before the plaintiff's motion for conditional certification. *See Staley v. UMAR Servs., Inc.,* 630 F. Supp. 3d 707, 712 (M.D.N.C. 2022). The intermediate standard "requires a more stringent showing in cases where some, but not all, discovery has been completed, to determine whether Plaintiffs have demonstrated that they and the potential opt-ins are similarly situated." *Blaney v. Charlotte–Mecklenburg Hosp. Auth.,* 3:10–CV–592–FDW–DSC, 2011 WL 4351631, at *4 (W.D.N.C. Sept. 16, 2011).

5

Case 5:23-cv-00683-FL    Document 27    Filed 05/02/24    Page 9 of 18

More specifically, the defendant in *Long* requested that an intermediate standard should apply because some discovery had taken place, despite defendant "refusing to allow [p]laintiff any discovery whatsoever to rebut [d]efendant's opposition and strengthen [p]laintiff's motion . . ." *See id*. Such intermediate standard is different from the typical, lenient standard, where plaintiff's need only make a modest showing a group of similarly situated plaintiffs exists, through an affidavit, declaration, or other means. *Staley*, 630 F. Supp. 3d at 712 (explaining that with the lenient standard applied, the court should not resolve factual disputes or make merits-based decisions on substantive issues).

The *Long* court declined to apply a heightened standard and highlighted its understanding of plaintiff's frustration with "**the conundrum of attempting to retain the lenient standard while sufficiently preparing a response to [defendant's] Opposition**." *See Long*, 292 F.F.D. at 301; *see also id.* at 305 ("The proper inquiry at this stage is simply 'whether plaintiffs are similarly situated *with respect to their allegations that the law has been violated.*'") (citations omitted). Further persuasive to the court in *Long* was that Fourth Circuit authority is in favor of applying the lenient standard. *See id*. at 301 ("Because the weight of Fourth Circuit authority is in favor of the traditional two-stage approach, and because the [c]ourt is concerned with injecting 'this much flexibility—and, by extension, uncertainty—into the remedial scheme that § 216(b) contemplates,' this [c]ourt declines to use the intermediate standard in the case at bar.").

Similarly, here, Plaintiff would be prejudiced by this Court's consideration of Defendant's exhibits, which unequivocally violates the Court's Order, deferring discovery until such time as the Court rules on Plaintiff's motion for conditional certification (which is exactly what Defendant requested). Dkts. 20, 21. Therefore, to now grant Defendant the opportunity to utilize evidence that should be addressed during discovery hamstrings Plaintiff's ability to defend itself, but again,

6

this may have been Defendant's intent, to preclude Plaintiff the ability to engage in discovery; meanwhile, utilize evidence that Plaintiff has no basis to contest or challenge.[3] More specifically, to the extent the Court grants Plaintiff's motion for conditional certification, there will be an opt-in period, and thereafter the parties can discuss how many opt-in plaintiffs will be subject to discovery, including but not limited to, the parties' exchange of written discovery, in anticipation of dispositive motions and trial. *Halle v. W. Penn Allegheny Health Sys. Inc.,* 842 F.3d 215, 225 (3d Cir. 2016). The consideration of Defendant's nearly *fifty* (50) exhibits would be further prejudicial to Plaintiff, in light of Defendant's arguments in its Response, as consideration of such a substantial number of exhibits is essentially Defendant's "backdoor attempt to persuade this Court to utilize the intermediate standard" from Plaintiff's burden from the typical, lenient standard applicable to the first stage of conditional certification. *Long,* 292 F.R.D. at 300. Furthermore, Defendant's arguments in its Response, in reliance on such exhibits, effectively calls the Court into making merits-based determinations, which are not appropriate at this stage. *See* Dkt. 28, Plaintiff's Reply in Support of Plaintiff's Motion for Conditional Certification. Like the plaintiff in *Long*, Plaintiff cannot adequately respond to Defendant's Response, inclusive of so many exhibits, while arguing the lenient standard should be retained. *Long*, 292 F.R.D. at 301. Essentially, requiring Plaintiff to grapple with such exhibits would essentially heighten Plaintiff's burden from the lenient standard, to the intermediate one, when again, discovery at this time is premature.

Additionally, as explained in Plaintiff's Reply in Support of Plaintiff's Motion for Conditional Certification (Dkt. 28), such evidence should not be considered at the notice stage and

---

[3] *See* Dkt. 22-1 through Dkt. 22-43; *see also* Dkts. 24-1 through 24-6.

would be more appropriate at the decertification stage, following merits discovery. Consideration of such exhibits would effectively heighten Plaintiff's burden for conditional certification from the lenient standard, appropriate before discovery has taken place, to the intermediate standard, which has been rejected across the Fourth Circuit,[4] and which would be inappropriate given the current stay of discovery. Dkt. 21.

    **B.    Defendant Improperly Relies on Such Exhibits, In Addition *to Several More* Improperly Filed Exhibits, in its Motion to Dismiss.**

At the motion to dismiss stage, generally, the court should only consider the facts alleged in the complaint. *See In re Cree, Inc. Sec. Litig.,* 333 F. Supp. 2d 461, 469 (M.D.N.C. 2004) (citing Fed. R. Civ. P. 12(b) (when "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56")). Federal Rule of Civil Procedure 12(f) permits the court to "strike from a pleading[5] an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Moreover, courts may only consider documents referenced in a motion to dismiss "so long as they are integral to the complaint and authentic." *Sec'y of State for Def. v. Trimble Navig. Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

At the pleading stage, the court must be cautioned against considering exhibits that will convert a motion to dismiss to a motion for summary judgment. *Pouncey v. Guilford Cnty.,* No. 1:18CV1022, 2020 WL 1274264, at *3 (M.D.N.C. Mar. 17, 2020) (refusing to take into account any of defendant's exhibits attached to its motion to dismiss *other than* the single exhibit whose authenticity was not called into question because it was signed by plaintiff). In line with such

---

[4] *Long*, 292 F.R.D. at 301.
[5] Pursuant to Rule 7 of the Federal Rules of Civil Procedure, a pleading is defined as: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; [or] (7) ... a reply to an answer." Fed. R. Civ. P. 7(a).

reasoning, courts dealing with motions to dismiss may only consider "public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint."[6] *Stewart v. Johnson,* 125 F. Supp. 3d 554, 558 (M.D.N.C. 2015). More specifically, extraneous documents to be considered must be "integral to and ***explicitly relied on in the complaint***." *See Phillips v. LCI Int'l, Inc.,* 190 F.3d 609, 618 (4th Cir.1999); *see also Tatum v. R.J. Reynolds Tobacco Co.,* 294 F.Supp.2d 776, 781–82 (M.D.N.C.2003) (reasoning that because the complaint did not reference documents at issue, documents should be excluded from consideration on a motion to dismiss); *see also In re Cree, Inc. Sec. Litig.,* 333 F. Supp. 2d 461, 469 (M.D.N.C. 2004) (granting plaintiffs' motion to strike exhibits filed by defendant in support of their motion to dismiss because such documents were not "named or discussed" in their complaint).

Here, Defendant improperly relies on exhibits and evidence in its Memorandum of Law in Support of Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint. Perhaps even more disturbing, Defendant filed an additional *six* (6) exhibits, on top of its already filed *forty-three* (43), to support its Partial Motion to Dismiss Plaintiff's Amended Complaint. Dkts. 23, 24, 24-1 through 24-6. Such exhibits, inclusive of Defendant's policies, Plaintiff's pay records, and declarations from management are not "central" to Plaintiff's claims in such a way that they may be considered at this stage. *Compare* Dkt. 16 *with* Dkt. 24, at 2, 8, 13; *and* Dkts. 24-1 through 24-6. Additionally, Plaintiff does not explicitly reference such specific documents in his First Amended Complaint. *See id*. The Court's consideration of the nearly *fifty* (50) filed exhibits would fashion Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint a motion for

---

[6] Even with those types of materials, a court may only consider them "so long as the authenticity of these documents is not disputed." *Stewart v. Johnson,* 125 F. Supp. 3d 554, 558 (M.D.N.C. 2015) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) (per curiam)); *see also Gasner v. Cty. of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (noting that the use of such materials has "but one limitation: the document must be of unquestioned authenticity").

summary judgment, which would be highly unfair and prejudicial to Plaintiff at this stage. Fed. R. Evid. 403; *see also* Dkt. 21; *see also Pouncey,* No. 1:18CV1022, 2020 WL 1274264, at *3.

### 1. Defendant Has Failed to Showcase Some Exhibits May Be Judicially Noticed.

While Defendant argues that the Court may take judicial notice of some of the exhibits filed by Defendant, Defendant has failed to meet its burden under Rule 201 of the Federal Rules of Evidence. *Loftus v. F.D.I.C.*, 989 F.Supp.2d 483, 489 (D.S.C. 2013). Pursuant to Rule 201, the Defendant must show that the evidence is "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id*. Judicial notice, more specifically, may only be taken of "adjudicative facts" which "are simply the facts of a particular case." *See id*. (citing Fed. R. Evid. 201(a) Advisory Committee Notes). Moreover, "whether information is the proper subject of judicial notice depends on the use to which it is put." *Id*. at 489-489 (citing *Clatterbuck v. City of Charlottesville,* 708 F.3d 549, 558 (4th Cir. 2013)). "[C]ourts should exercise caution in taking judicial notice, doing so only when the matter is beyond reasonable controversy." *Id*. at 490 (citing Fed. R. Evid. 201 Advisory Committee Notes).

Courts within the Fourth Circuit reject judicial notice of publicly available documents where the party failed to request the court take notice of "certain facts" rather than documents in their entirety. *Id*. Such is especially the case where the defendant has presented "extensive" documents at the motion to dismiss stage, the judicial notice of which could "yield unforeseen consequences later in the litigation." *Id*. Additionally, the court must consider whether the party requesting judicial notice has adequately argued each exhibit is subject to judicial notice and whether the other party has been afforded the opportunity to be heard regarding the exhibits requested to be noticed. *Id*. (rejecting to take judicial notice of the extensive documents filed by

10

the defendant in its motion to dismiss, finding the court's task at the pleading stage is to "test the legal feasibility of the complaint without weighing the evidence that might be offered to support or contradict it." *Id*. at 491 (citing *Clatterbuck*, 708 F.3d at 558).

Additionally, at this stage, courts are not typically permitted to take judicial notice of facts for the matter asserted. *Veteran Constructors, Inc. v. Beeler Barney & Assocs. Masonry Contractors, Inc.,* No. 2:13-CV-64-F, 2014 WL 4199238, at *3 (E.D.N.C. Aug. 22, 2014) (citing *see Kramer v. Time Warner, Inc.,* 937 F.2d 767, 774 (2d Cir.1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, ... not for the truth of the matters asserted ..., but rather to establish the fact of such litigation and related filings."); *Global Network Commc'ns, Inc. v. City of New York,* 458 F.3d 150, 157 (2d Cir.2006) (refusing to take judicial notice of the truth of testimony in a prior proceeding on a motion to dismiss); *Sher v. Luxury Mortg. Corp.,* No. ELH–11–3656, 2012 WL 5869303, at *7 (D.Md. Nov. 19, 2012) (refusing to take judicial notice of the truth of admissions in a previous criminal plea hearing on a motion to dismiss)).

Here, Defendant expects the Court to take judicial notice of a plethora of documents in their *entirety,* judicial notice of which would be highly prejudicial to Plaintiff, and which would render consequences later in the litigation. *See* Dkts. 22-1 through 22-43 (containing Defendant's alleged overtime policies, and declarations from management regarding Defendant's pay practices, among other alleged policies); *see also* Dkts. 24-1 through 24-6 (containing declarations from management in addition to Plaintiff's earning statements and attendance sheets). Moreover, Defendant has failed to meet its burden pursuant to Fed. R. Evid. 201 that such documents it requests this Court take judicial notice of meet the requirements of the Federal Rules of Evidence. For example, Defendant's overtime policy is subject to reasonable dispute because it is (1) not generally known in the jurisdiction for which this Court sits and (2) cannot be readily determined

11

from sources from which its authenticity cannot be questioned. *See* Fed. R. Evid. 201. In light of the present lawsuit, whereby Plaintiff contends Defendant failed to properly pay Plaintiff by failing to pay Plaintiff appropriate overtime compensation for hours worked in excess of eighty-six (86) every 14-days, the authenticity of Defendant's alleged overtime policy is necessarily subject to reasonable dispute. *Compare* Dkt. 16, ¶¶ 3-6 *with* 22-6 (Defendant's alleged overtime policy). Such documents additionally are contested and subject to reasonable dispute by Plaintiff, as Plaintiff contests that such publicly available documents, such as Defendant's overtime policy, were properly put into effect. Dkt. 16, ¶¶ 3-6. Because such evidence does not qualify as the type of evidence that may be considered at the pleading stage, and because Defendant has failed to meet its burden that it should be subject to judicial notice, it must be stricken.

## IV. CONCLUSION

On the basis of the foregoing, Plaintiff respectfully requests Plaintiff's Motion be granted.

Respectfully submitted this May 2, 2024,

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH WORD COUNT**

I hereby certify that I have read the Court's Local Rules, and I certify that this document complies with the applicable word limit provided in the Court's Case Management Order, and contains fewer than 8,400 words, excluding the parts of the document that are exempted. This certificate was prepared in reliance on the word count feature of the word processing software used to prepare this document.

Respectfully submitted this May 2, 2024.

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024, I electronically filed the foregoing true and accurate copy of **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S EXHIBITS FILED IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document on the following:

Anna M. Davis
Senior Associate City Attorney
6716 Six Forks Road
Raleigh, NC 27615
Tel: (919) 996-1003
State Bar No. 41195
Anna.Davis@raleighnc.gov

Alice Tejada
Senior Associate City Attorney
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-2004
State Bar No. 23909
Alice.Tejada@raleighnc.gov

*Attorneys for Defendant*

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com

*Attorneys for Plaintiffs*

14