IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CA No. 5:23-CV-00683-FL

LEO J. EDWARDS, on behalf of himself and all others similarly situated,

    *Plaintiff*,

v.

CITY OF RALEIGH,

    *Defendant*.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S UNTIMELY AND IMPROPER EXPERT REPORT**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| III. | LEGAL ARGUMENT | 3 |
| | A. Defendant's Rebuttal Expert Report Violates the Federal Rules of Civil Procedure and the Case Management Order. | 3 |
| | B. Defendant's Rebuttal Expert Report is Not Substantially Justified Nor Harmless. | 5 |
| |     1. S. States Factors (1) and (2): Because Defendant Ignored the CMO's Deadlines, Its Expert Designation and Report Surprised Plaintiff and Foreclosed Plaintiff's Opportunity to Respond and Depose the Same. | 5 |
| |     2. S. States Factors (2) and (3): Allowing Defendant's *Untimely* Expert and Report Would Delay This Matter by Reopening Discovery. | 7 |
| |     3. S. States Factor (4): As Procedurally Improper and Violative, this Court Need Not Evaluate the Substance of Defendant's Report. | 7 |
| |     4. S. States Factor (5): As Defendant Has Provided **No** Justification for its Non-disclosure, this Court Should Not Find a Substantial Justification Exists to Allow Defendant's "Rebuttal" Report. | 8 |
| | C. Because Defendant's Untimely Expert Report is Not Substantially Justified, Nor Harmless, the Information and Witness Should be Excluded. | 8 |
| | D. Defendant's Violation of the Federal Rules and CMO Warrant the Imposition of Fees and Costs. | 9 |
| IV. | CONCLUSION | 9 |

# TABLE OF AUTHORITIES

**Cases**

*Akeva LLC v. Mizuno Corp.*,
  212 F.R.D. 306 (M.D.N.C. 2002) ............................................................................... 4, 5, 9

*Cahoon v. Edward Orton, Jr. Ceramic Found.*,
  No. 2:17-CV-63-D, 2020 WL 918753 (E.D.N.C. Feb. 24, 2020) ............................................ 4

*Donald v. Novant Health, Inc.*,
  No. 5:22-CV-363-D-KS, 2025 WL 863621 (E.D.N.C. Mar. 18, 2025) ........................... passim

*Gallagher v. S. Source Packaging, LLC*,
  568 F. Supp. 2d 624 (E.D.N.C. 2008) .............................................................................. 5, 6

*Gomez v. Haystax Technology, Inc.*,
  761 F. App'x 220 (4th Cir. 2019) ................................................................................. 6, 7, 8

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
  318 F.3d 592 (4th Cir. 2003) ......................................................................................... 5, 7, 8

*Wilkins v. Montgomery*,
  751 F.3d 214 (4th Cir. 2014) ................................................................................................ 7

**Statutes**

29 U.S.C. § 201 *et seq.* ................................................................................................................ 1

**Rules**

Fed. R. Civ. P. 16 ......................................................................................................................... 9

Fed. R. Civ. P. 26 ................................................................................................................. 2, 3, 4

Fed. R. Civ. P. 37 ..................................................................................................................... 8, 9

## I. INTRODUCTION

Plaintiff Leo Edwards ("Plaintiff") respectfully requests that this Court strike Defendant City of Raleigh's ("Defendant") Expert Report, which was filed in contradiction of the Federal Rules of Civil Procedure and plain language of the controlling Case Management Order ("CMO") (Dkt. 42).

## II. FACTUAL BACKGROUND

On November 29, 2023, Plaintiff filed his initial Complaint against Defendant City of Raleigh ("Defendant" or "City of Raleigh") for violations of the Fair Labor Standards Act. Dkt. 1 (citing 29 U.S.C. § 201 *et seq*.). On March 6, 2024, Defendant filed its Answer to Plaintiff's initial Complaint. Dkt. 10. The Court entered an Initial Order Regarding Planning and Scheduling on March 8, 2024. Dkt. 15. On March 27, 2024, the Parties held a Rule 26(f) conference, and, that same day, Plaintiff filed his First Amended Complaint ("FAC"), Dkt. 16.

The next day, March 28, 2024, Plaintiff filed his Motion for Conditional Certification ("MCC"). Dkt. 17. In the meantime, the Court stayed discovery while the MCC remained pending. Dkt. 21. On April 24, 2024, Defendant moved to partially dismiss ("Defendant's MTD"). Dkt. 23. Thereafter, the Parties engaged in motions practice relating to both Plaintiff's MCC and Defendant's MTD, including responsive briefs. Dkts. 25, 26, 28, 29, 30. On September 11, 2024, the Court granted Plaintiff's MCC pertaining to certification, granted in part and denied in part Plaintiff's motion to strike, and granted in part and denied in part Defendant's MTD. Dkt. 33. There, the Court directed Plaintiff to file a revised request for court-authorized Notice to be issued, which Plaintiff filed on September 25, 2024. Dkt. 35. The Court granted the same on October 2, 2024. Dkt. 40.

The Parties filed their Joint 26(f) Report on October 9, 2024, (Dkt. 41), and the Court issued its Case Management Order ("CMO") on October 17, 2024, (Dkt. 42), which it further modified on January 7, 2025, Dkt. 51. The CMO, which bifurcated discovery into Merits and Expert Discovery phases, allotted 120 days for the Expert Discovery phase. Dkt. 42, at 1-2.

1

Guided by Fed. R. Civ. P. 26(a)(2), the CMO directs Plaintiff to serve on Defendant disclosures identifying any retained experts and corresponding expert reports within thirty (30) days after the close of Merits Discovery. *Id*. at 3. In turn, the CMO directs Defendant to disclose the same within thirty (30) days after Plaintiff submits his initial expert report. *Id*. Importantly, "[d]isclosures and reports by any rebuttal experts shall be served within the later of 30 days after [D]efendant submits its *initial* report or 21 days after depositions of ***initially-disclosed*** experts conclude, whichever is later." *Id*. (emphasis added).

During Merits Discovery, Defendant served Plaintiff with its Requests for Interrogatories.[1] There, Defendant requested Plaintiff identify whether he "retained or expects to retain any person, firm, or corporation as an expert witness…" Ex. A, at 10. Plaintiff responded, "he expects to retain an expert with regards to damages calculations and analysis," and reminded Defendant of its thirty-day window for the parties to submit an expert report following the May 14, 2025, Merits Discovery deadline. *Id*. Plaintiff established the same in response to Defendant's Request for Production of Documents.[2] And though Defendant supplemented its responses to Plaintiff's discovery requests *many* times, it *never* identified nor indicated that it planned to identify an expert.

In order to complete all depositions, the Parties jointly moved the Court for a brief extension of discovery on May 15, 2025, Dkt. 74, which the Court granted on May 23, 2025, Dkt. 75, thereby extending Merits Discovery to June 6, 2025. As such, Plaintiff's deadline to submit an expert report was extended to Monday, July 7, 2025. On July 7, 2025, Plaintiff requested a brief extension, to which Defendant did not object.[3] Accordingly, in accordance with the CMO, Plaintiff served his expert report on Defendant on July 14, 2025,[4] setting Defendant's deadline to serve its own initial expert report by **August 14, 2025**.

---

[1] Ex. A, Plaintiff's Objections and Responses to Defendant's Request for Interrogatories.
[2] Ex. B, Plaintiff's Objections and Responses to Defendant's Request for Production of Documents, at 11-13.
[3] Ex. C, Parties' Communications Re Plaintiff's Expert Report.
[4] Ex. D, Plaintiff's Initial Expert Report.

2

The Parties moved forward to schedule Plaintiff's expert, Dr. Roberto Cavazos, for deposition on September 26, 2025.[5] Following the completion of Plaintiff's Expert's deposition, Defendant's counsel indicated for the *first* time that Defendant might submit a "rebuttal" expert report within twenty-one (21) days, or October 17, 2025.[6] Plaintiff's counsel immediately advised Defendant's counsel that Defendant's deadline to disclose its expert report had passed. *See id*., at 108:19-109:07. Despite counsel's exchange at the time of the deposition, on September 26, 2025, Defendant's counsel confirmed via email that Defendant would submit an expert report within 21 days or October 17, 2025.[7] In response, counsel for Plaintiff cautioned against any such submission as violative of the Federal Rules and the CMO, given Defendant's failure to file any **initial** expert report within the permissible time frame, and the passage of over **two months** of its respective deadline. *Id*. at 8-9. Counsel for the Parties thoroughly disputed each other's respective positions and brought the matter to the Court's attention on October 1, 2025.[8] The Court promptly entered a Text Order on October 3, 2025, in response, permitting Plaintiff to file an "appropriate discovery motion" no later than October 31, 2025. Dkt. 78, at 1-2. Defendant submitted its "rebuttal" expert report on October 17, 2025.[9] This motion follows.

### III. LEGAL ARGUMENT

#### A. Defendant's Rebuttal Expert Report Violates the Federal Rules of Civil Procedure and the Case Management Order.

First and foremost, Rule 26 of the Federal Rules of Civil Procedure governs the disclosure of expert discovery. Specifically, it states that:

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party ***must*** disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

Fed. R. Civ. P. 26(A) (emphasis added). In addition, Rule 26 also provides that:

---

[5] Ex. E, Notice of Deposition for Dr. Cavazos.
[6] Ex. F, Deposition of Roberto Cavazos, at 107:03-11.
[7] *See* Ex. G, Parties' Email Communication Re Defendant's Rebuttal Expert Report, at 10.
[8] *See* Ex. H, Parties' Communication with Case Manager.
[9] *See* Ex. I, Defendant's Rebuttal Expert Report.

> (D) **A party must make these disclosures at the times and in the sequence that the court orders**. Absent a stipulation or a court order, the disclosures must be made [. . .] if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), **within 30 days after the other party's disclosure**.

(emphasis added). Rule 26's language regarding "the times and in the sequence that the court orders" refers to the CMO, which, as previously stated *supra*, and in compliance with Rule 26's directive, imposes a 30-day deadline for Defendant to serve an initial expert report following Plaintiff's submission of his own initial expert report. Dkt. 42, at 3. Finally, and most importantly, both Rule 26 and the CMO require Defendant to submit an initial report **before** permitting any rebuttal expert reports and include deadlines regarding the same. *Id*. ("Disclosures and reports by any **rebuttal experts** shall be served within the later of 30 days *after* defendant submits its **initial report** or 21 days after depositions of **initially-disclosed** experts conclude, whichever is later.") (emphasis added).

This Court considered similar circumstances in *Donald v. Novant Health, Inc.,* No. 5:22-CV-363-D-KS, 2025 WL 863621 (E.D.N.C. Mar. 18, 2025). There, plaintiff submitted a rebuttal expert report where defendant *never* identified an expert of their own, finding it "unnecessary." *Id*. at *7. "Accordingly, there [was] no defense expert report for [p]laintiff to rebut pursuant to Rule 26(a)(2)(D)(ii)." *Id*. Because plaintiff's expert designation and rebuttal report ran afoul of *both* the Federal Rules and the CMO, this Court found plaintiff's report untimely and improper and granted defendant's motion to strike the same. *Id*.; *see also Cahoon v. Edward Orton, Jr. Ceramic Found.*, No. 2:17-CV-63-D, 2020 WL 918753, at *3 (E.D.N.C. Feb. 24, 2020) (scheduling orders are not mere suggestions).

Likewise, in *Akeva LLC v. Mizuno Corp.*, a sister court was confronted with a plaintiff's attempt to introduce untimely expert reports. 212 F.R.D. 306, 310 (M.D.N.C. 2002). There, the court rejected plaintiff's untimely reports as violative of the CMO, reasoning that such attempts were merely to "bolster its case" *after* being "surprised by [defendant's expert's] testimony." *Id*. at 310-11. In so doing, the court clarified that "[t]hese expert reports certainly have some aspects of rebuttal testimony about them but may

4

also be characterized as makeup for *initially* inadequate or incomplete preparation." *Id*. at 310 (emphasis added).

The same rings true here. Defendant was instructed by the Court's CMO, issued October 17, 2024, that it had 30 days to serve its own expert report after receiving Plaintiff's. Dkt. 42, at 3. In choosing not to do so, Defendant cannot wait until after deposing Plaintiff's expert, to submit its own expert report and fashion it as "rebuttal," especially when such report was served *after* the close of Expert Discovery, because the Parties' dispositive briefing deadline was scheduled for forty-five (45) days following the completion of expert depositions. *See* Dkt. 42, at 5. And though Defendant's report very well may bolster its case, it may not do so *now*, in an effort to cleanse Defendant's "inadequate or incomplete preparation." *Akeva*, 212 F.R.D. at 310-11. As violative of all guiding principles—the Federal Rules, this Court's CMO, and applicable case law—this Court should strike Defendant's expert report.

B. **Defendant's Rebuttal Expert Report is Not Substantially Justified Nor Harmless.**

The Fourth Circuit provided a five-factor analysis to determine whether a party's untimely and improper rebuttal expert disclosure is substantially justified or harmless in *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003). Those factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id*.; *see also Gallagher v. S. Source Packaging, LLC*, 568 F. Supp. 2d 624, 631-32 (E.D.N.C. 2008) (applying the *S. States* factors to an untimely expert report supplementation).

    1. <u>S. States Factors (1) and (2): Because Defendant Ignored the CMO's Deadlines, Its Expert Designation and Report Surprised Plaintiff and Foreclosed Plaintiff's Opportunity to Respond and Depose the Same.</u>

A party that chooses to ignore a court-approved scheduling order by submitting untimely expert reports necessarily surprises the opposing party. *Donald*, 2025 WL 863621, at *7-8 (rejecting a non-

5

disclosing party's attempts to "**merely double[] down on her incorrect position" that her expert report was timely**) (emphasis added); *Gallagher*, 568 F. Supp. 2d at 632 (finding plaintiff was surprised by the defendant's expert report because it was disclosed "so late").

Indeed, in affirming the district court's decision, the Fourth Circuit explained that "**rules of expert disclosure are designed to allow an opponent to examine an expert opinion for flaws and to develop counter-testimony through that party's own experts**." *Id*. (finding the non-disclosing party thwarted the complaining party's opportunity to do so, resulting in the inability to cure the surprise) (emphasis added); *see also Gomez v. Haystax Technology, Inc.*, 761 F. App'x 220, 231 (4th Cir. 2019) (finding a late disclosure caused unfair surprise, negating the opposing party's opportunity to depose witnesses or fairly prepare rebuttal).

Here, like in *Donald*, Defendant insists—incorrectly *and* repeatedly—that its expert disclosure and report are timely, even in the face of contrary language from the Federal Rules, CMO, and applicable case law. *See* Ex. G, at 2-3, 5 (Defendant concludes that non-binding and non-persuasive case law "support[s] the City's understanding that Rule 26 does not require a party to file an initial report as a prerequisite to filing a rebuttal report," and "[t]he City's position remains that the plain reading of the order's deadline to submit a rebuttal report '21 days after depositions of initially-disclosed experts conclude' allows the City to submit a rebuttal expert report by October 17, 2025.") Such insistence neither alters Defendant's misapprehension, nor cures Defendant's surprise. Indeed, because Defendant chose to identify and submit an expert report only *after* deposing Plaintiff's expert *and* after the close of Expert Discovery,[10] Defendant has foreclosed Plaintiff's expert's opportunity to respond with his own rebuttal report, as well as depose Defendant's expert. These factors therefore weigh against allowing Defendant's report.

---

[10] To be sure, the CMO explains that the close of Expert Discovery terminated with Plaintiff's expert's deposition, and based on such date, Plaintiff was prepared to file her motion for summary judgment within forty-five (45) days thereafter, or by November 10, 2025. Dkt. 42, at 5 ("[a]ll potentially dispositive motions shall be filed by 45 days following the close of all discovery").

6

2. S. States Factors (2) and (3): Allowing Defendant's *Untimely* Expert and Report Would Delay This Matter by Reopening Discovery.

This Court has rejected reopening discovery in effort to cure the surprise caused by a non-disclosing party's untimely expert disclosure. *Donald*, 2025 WL 863621, at *8 ("allowing [p]laintiff's untimely expert disclosures would likely delay this matter further, as [d]efendants would have a strong argument for re-opening discovery so that they might cure the *surprise* caused by [p]laintiff's untimely disclosure."). Similarly, the Fourth Circuit affirmed a district court's rejection to accommodate a non-disclosing party's untimely expert report, where doing so would have caused litigation delay. *S. States*, 318 F.3d at 598.

Here, Plaintiff indicated in his discovery responses in **March 2025** that he planned on retaining an expert, putting Defendant on notice to retain its own, should it so desire. *See* Ex. A, at 10; Ex. B, at 11-13. And as the CMO provided Defendant 30 days after Plaintiff submitted his initial expert report to submit its own, (Dkt. 42, at 3), once Plaintiff submitted his initial expert report July 14, 2025, Defendant's deadline to submit its own initial expert report was set to August 14, 2025. It did not do so. Accordingly, and contrary to Defendant's position, the remaining language in the CMO regarding rebuttal expert reports is inapplicable. As such, the CMO's Expert Discovery deadline of 120 days following the close of Merits Discovery, or October 4, 2025, remained in effect. Dkt. 42, at 2. Therefore, Defendant's submission of a "rebuttal" expert report on October 17, 2025, therefore, constitutes an improper, untimely, and unilateral attempt to delay this matter, rejected by both this Court and the Fourth Circuit.

3. S. States Factor (4): As Procedurally Improper and Violative, this Court Need Not Evaluate the Substance of Defendant's Report.

"The court is not required, however, to tick through each of the *Southern States* factors," and may instead consider only the factors it deems relevant. *Gomez*, 761 F. App'x at 231 (citing *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014).

As Defendant's expert report is procedurally improper and violative of the Federal Rules, the CMO, and this Court's precedent, this Court need *not* evaluate the report's substance.

4. **S. States Factor (5): As Defendant Has Provided No Justification for its Non-disclosure, this Court Should Not Find a Substantial Justification Exists to Allow Defendant's "Rebuttal" Report.**

The *fifth* factor "relates primarily to the substantial justification exception." *S. States*, 318 F.3d at 597. "The non-disclosing party bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Gomez*, 761 F. App'x at 229-30 (internal quotation omitted). Where a non-disclosing party does not offer *any* reason for its failure to timely disclose, the Fourth Circuit has found the non-disclosing party has failed to sustain its burden. *Id*. at 231.

Here, Defendant insists the CMO permits it to submit a rebuttal expert report *three months* after receiving Plaintiff's initial expert report, without disclosing or submitting an initial expert report of its own, after deposing Plaintiff's expert, and *after* the completion of expert discovery. Such a position is not only incorrect, but untenable. Without any justification at all, this Court should not find a *substantial* justification exists to allow Defendant's "rebuttal" report and should strike the same.

C. **Because Defendant's Untimely Expert Report is Not Substantially Justified, Nor Harmless, the Information and Witness Should be Excluded.**

Federal Rule 37(c)(1) provides: "[i]f a party fails to [timely] provide information or identify a witness as required by Rule 26(a) or (e), the party is *not* allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

As Defendant has failed to provide *any* justification for its non-disclosure, let alone a substantial one, as explained *supra*, the only remaining consideration is whether its non-disclosure is harmless. The Advisory Committee for Rule 37 has provided the following examples of "harmless" situations: (1) the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness to all parties; (2) the failure to list as a trial witness a person so listed by another party; or (3) the lack of knowledge of a pro se litigant of the requirement to make disclosures.

None of these circumstances exist here. To the contrary, Defendant's failure to comply with the CMO and Federal Rules was not "inadvertent," nor did it result from the "lack of knowledge of a pro se

8

litigant." Indeed, Counsel for Plaintiff promptly made Counsel for Defendant explicitly aware of such boundaries and deadlines upon hearing for the first time Defendant's intent to produce an expert report in violation of the CMO's deadline by several months, to which Counsel for Defendant's position remained unchanged. Ex. G, at 8-9. Accordingly, Defendant's "rebuttal" expert and report should be excluded.

### D. Defendant's Violation of the Federal Rules and CMO Warrant the Imposition of Fees and Costs.

This Court looks to Rule 37(a)(5)(A) to determine whether an award of costs and fees in connection with a motion to strike an untimely rebuttal expert report is warranted. *Donald*, 2025 WL 863621, at *8; *Akeva*, 212 F.R.D. at 312.[11] Where there is no substantial justification for the violation, and the Court does not find reasons to make an award of costs unjust, this Court will grant the complaining party's request for costs and fees in association with the motion. *Id.*

In an effort to protect Plaintiff against prejudice and deter future litigants from ignoring this Court's directives, Plaintiff respectfully requests this Court require Defendant to pay the costs and attorneys' fees incurred by Plaintiff in connection with this motion.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that Plaintiff's Motion be granted.

Respectfully submitted this October 30, 2025,

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)

---

[11] Alternatively, where a court-approved discovery plan exists, this Court may also rely on Federal Rule 16(f) to determine violations for not disclosing expert reports at the time required under the scheduling order. Fed. R. Civ. P. 16(f). Rule 16(f) provides the imposition of reasonable expenses, including attorneys' fees, incurred due to noncomplying party's failure to obey the scheduling order, unless such failure was substantially justified or other circumstances make an award of expenses unjust. *Id.*; *see also Aveka LLC*, 212 F.R.D. at 309. As stated *supra*, it is Defendant's burden to show a substantial justification exists to allow its untimely report, and it has made no effort to do so. As a result, this Court also has discretion to issue sanctions against Defendant under Rule 16(f).

**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
215 S. Academy St.
Cary, NC 27511
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF COMPLIANCE WITH PAGE LIMIT**

I hereby certify that I have read the Court's Local Rules, and I certify that this document complies with the applicable page limit provided in Local Rule 7.2(f), and contains fewer than 10 pages, excluding the parts of the document that are exempted.

Respectfully submitted this October 30, 2025.

/s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
215 S. Academy St.
Cary, NC 27511
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

        I hereby certify that on October 30, 2025, I electronically filed the foregoing true and accurate copy of **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE DEFENDANT'S UNTIMELY AND IMPROPER EXPERT REPORT** with the Court using the CM/ECF system, and I hereby certify that I have thereby electronically served the document on the following:

Alice Tejada
Senior Associate City Attorney
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-2004
State Bar No. 23909
Alice.Tejada@raleighnc.gov

Mollie A. Grose
Senior Associate City Attorney
P.O. Box 590
Raleigh, NC 27602
Tel: (919) 996-6560
State Bar No. 60900
Mollie.Grose@raleighnc.gov
*Attorneys for Defendant*

    /s/ *Gilda A. Hernandez*
Gilda A. Hernandez (NCSB No. 36812)
Hannah B. Simmons (NCSB No. 59579)
Matthew Marlowe (NCSB No. 60035)
Briahna B. Koegel (NCSB No. 62491)
**THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC**
215 S. Academy St.
Cary, NC 27511
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
hsimmons@gildahernandezlaw.com
mmarlowe@gildahernandezlaw.com
bkoegel@gildahernandezlaw.com
*Attorneys for Plaintiffs*